IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| **KENNETH ANTWAN DOWNER,** | |
| **Plaintiff,** | |
| v. | Case No. 3:22-cv-00057-CAR-CHW |
| **ELBERT COUNTY DETENTION CENTER,** **JOHN OR JANE DOES,** | |
| **Defendants.** | Proceedings Under 42 U.S.C. §1983 Before the U. S. Magistrate Judge |

## ORDER

*Pro se* Plaintiff Kenneth Antwan Downer, an inmate at the Elbert County Detention Center in Elberton, Georgia, filed a handwritten letter and an "inmate grievance form" which was docketed as a 42 U.S.C. § 1983 complaint. ECF No. 1. Plaintiff did not pay a filing fee nor did he request leave to proceed without prepayment of the filing fee.

Plaintiff's letter to the Court, accompanied by the filing of an inmate grievance form, is insufficient to raise constitutional claims under 42 U.S.C § 1983. If Plaintiff wishes to proceed with this case, he must recast his complaint on the Court's required 42 U.S.C. § 1983 complaint form. In his recast complaint, Plaintiff shall clearly identify those individuals he wishes to include as named defendants.[1]  It is also recommended that,

---

[1] It is unclear whom the Plaintiff is intending to sue. The Elbert County Detention Center is not a legal entity subject to suit or liability in Georgia under 42 U.S.C. § 1983. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (advising that "sheriff's departments and police departments are not usually considered legal entities subject to suit ..."). To the extent Plaintiff's claims against the jail could be broadly construed as claims against Elbert

when drafting his statement of claims as directed in the standard form, Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1) *What* did this defendant do (or not do) to violate your rights? In other words: What was the extent of this defendant's authority or role in the unconstitutional conduct?

(2) Is the Defendant a supervisory official and if so, was he/ she personally involved in the constitutional violation? If not, did his/her actions otherwise cause the unconstitutional action? How do you know?

(3) *How* were you injured as a result of this defendant's actions or decisions? If you have been physically injured, explain the extent of your injuries and any medical care requested or provided.

(4) *How* and *when* did this defendant learn of your injuries or otherwise become aware of a substantial risk that you could suffer a serious injury?

(5) *What* did this defendant do (or not do) in response to this knowledge?

The recast complaint shall take the place of and supersede the pleading previously filed in this action. Thus, the Court will not look back to the previous pleading to determine whether Plaintiff has stated a claim, and Plaintiff should take care to include all

---

County, a local government may only be sued for constitutional violations caused by "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Moreover, as a general rule, "fictitious party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (per curiam). The one exception to this rule is when the plaintiff's description of the defendant is so specific that the party may be identified for service even though his actual name is unknown. *See id.* (citing *Dean*, 951 F.2d at 1215-16 (11th Cir. 1992)). To proceed against an unnamed defendant, a plaintiff must provide a "description of some kind which is sufficient to identify the person involved so that process can be served." *Dean*, 951 F.2d at 1216 (internal quotation marks omitted).

relevant factual allegations for any related claims that he wishes to raise in this complaint. Furthermore, upon preliminary review of Plaintiff's letter, Plaintiff's allegations about the lack of call buttons for a possible "medical emergency", forms without proper addresses to contact public defenders, court access claims, and the "racist captain just call[ing] people up there without hearing or notices (no due process here)" appear to be unrelated claims. *See* ECF No. 1. Plaintiff is hereby advised that in redrafting his complaint that he may not join unrelated claims and defendants in a single action.[2]

Plaintiff should state his related claims as simply as possible referring only to the relevant allegations against the named defendants in this case; he also need not use legal terminology or cite any specific statute or case law to state a claim, although the Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified. *See* Fed. R. Civ. P. 8. Plaintiff is not to include any exhibits or attachments (*i.e* witness statements, grievance reports, etc.). **The complaint must be no longer than ten (10) pages.**

Additionally, Plaintiff has neither paid the Court's $402.00 filing fee nor moved to proceed in this action *in forma pauperis* ("IFP"). A prisoner seeking to proceed IFP must submit (1) an affidavit in support of his claim of indigence, and (2) "a certified copy of

---

[2] "Whether multiple claims arise from the same transaction, occurrence, or series of transactions or occurrences depends on whether a 'logical relationship' exists between the claims. *Rhodes v. Target Corp.*, 313 F.R.D. 656, 659 (M.D. Fla. 2016) (quoting *Alexander v. Fulton Cty., Ga.*, 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003)). For there to be a "logical relationship," the claims must "arise from common operative facts." *Barber v. America's Wholesale Lender*, 289 F.R.D. 364, 367 (M.D. Fla. 2013) (citations omitted).

[his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1)-(2). To proceed, Plaintiff must either pay the $402.00 filing fee or file a motion to proceed IFP with the required supporting documentation.

Therefore, Plaintiff is **ORDERED** to complete and return a 42 U.S.C. § 1983 complaint form following this Court's instructions herein and either pay the filing fee or seek leave to proceed *in forma pauperis* within **FOURTEEN (14) DAYS** of the date of this Order. Plaintiff's failure to fully and timely comply with this order may result in the dismissal of this action.

The Clerk of Court is **DIRECTED** to forward a copy of this order, a 42 U.S.C. § 1983 complaint form, and an application to proceed without prepayment of the filing fee, along with the appropriate certification form (with the civil action number shown on all) to Plaintiff. In the meantime, there shall be **NO SERVICE** of process upon any Defendant.

**SO ORDERED and DIRECTED**, this 15th day of June, 2022.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge