IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

KENNETH ANTWAN DOWNER,          :
                                :
          Plaintiff,            :
                                :     Case No. 3:22-cv-00057-CAR-CHW
     v.                         :
                                :
ELBERT COUNTY DETENTION         :
CENTER,                         :
JOHN OR JANE DOES,              :
                                :     Proceedings Under 42 U.S.C. §1983
          Defendants.           :     Before the U. S. Magistrate Judge
                                :

_____

## ORDER

*Pro se* Plaintiff Kenneth Antwan Downer, a prisoner now confined in Washington State Prison in Davisboro, Georgia filed a civil rights complaint brought under 42 U.S.C. § 1983. ECF No. 1. Plaintiff did not pay the $402.00 filing fee or submit a motion to proceed *in forma pauperis*.

On June 15, 2022, the Court ordered Plaintiff to recast his complaint on the Court's required 42 U.S.C. § 1983 complaint form and provided instructions regarding how to do so. ECF No. 7. Plaintiff was also ordered to either file a motion to proceed *in forma pauperis* or pay the $402.00 filing. *Id*. Plaintiff was given fourteen (14) days to respond. *Id*.

On July 8, 2022, Plaintiff filed an amended complaint (ECF No. 9), a motion for appointment of counsel (ECF No. 11), and an incomplete motion to proceed *in forma pauperis* (ECF No. 10).

## MOTION FOR APPOINTMENT OF COUNSEL

As this is Plaintiff's first request for counsel, the Court advises Plaintiff that "[a]ppointment of counsel in a civil case is not a constitutional right." *Wahl v McIver*, 773 F.2d 1169, 1174 (11th Cir. 1986). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Id*. In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).[1]

In accordance with *Holt*, and upon a review of the record in this case, the Court notes that Plaintiff has set forth the basic factual allegations underlying his claims and that the applicable legal doctrines are readily apparent. As such, Plaintiff's Motion for Appointment of Counsel (ECF No. 11) is **DENIED**. Should it later become apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights, the Court, **on its own motion**, will consider assisting him in securing legal counsel at that time. Consequently, there is no need for Plaintiff to file additional requests for counsel.

## MOTION TO PROCEED *IN FORMA PAUPERIS*

A prisoner seeking to proceed *in forma pauperis* must provide the district court with both (1) an affidavit in support of his claim of indigence and (2) a certified copy of

---

[1] The federal *in forma pauperis* statute authorizes courts to "request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1). The statute does not, however, provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989).

his "trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint."   28 U.S.C. § 1915(a)(2).

Plaintiff has failed to file a certified account statement completed by a jail or prison official showing his transactions for the previous six months, as required by the statute.   Instead, Plaintiff has provided an account certification form without including his inmate trust account statement and on which he wrote that "[he has] no money [and] you can call this prison to verify … and they'll fax the info requested".   ECF No. 10 at 4.

Plaintiff is responsible for prosecuting his case. The Court will not contact a jail or prison on Plaintiff's behalf to inquire about information that the Plaintiff has the duty to provide to the Court.   Plaintiff must make arrangements with the appropriate official to ensure that a certified account certification as well as an inmate trust fund account statement showing his transactions for the previous six months is completed in accordance with this Order.

The **CLERK** is **DIRECTED** to forward an account certification form to Plaintiff along with his service copy of this Order (with the case number showing on both). Plaintiff is **ORDERED** to file a certified account statement for the preceding six months within **FOURTEEN (14) DAYS** from the date shown on this order so that the Court may properly evaluate his motion to proceed *in forma pauperis* or pay the $402.00 filing fee.   Plaintiff shall keep the Court informed of any future address change.   Failure to fully and timely comply with this Order may result in the dismissal of Plaintiff's

complaint.   There shall be no service in this case pending further order of the Court.

**SO ORDERED and DIRECTED**, this 1st day of September, 2022.


s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge