## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ATHENS DIVISION

| | | |
|---|---|---|
| **KENNETH ANTWAN DOWNER,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Case No. 3:22-cv-00057-CAR-CHW** |
| **v.** | : | |
| | : | |
| **ARMOR CORRECTIONAL** | : | |
| **HEALTH, INC.,** | : | |
| **SGT. CORBIN,**[1] | : | **Proceedings Under 42 U.S.C. §1983** |
| | : | **Before the U. S. Magistrate Judge** |
| **Defendants.** | : | |
| | : | |

## ORDER AND RECOMMENDATION

This case is currently before the United States Magistrate Judge for screening as

required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A(a).  *Pro se*

Plaintiff Kenneth Antwan Downer, an inmate at Washington State Prison in Davisboro,

Georgia filed a letter and an "inmate grievance form," which was docketed as a 42 U.S.C.

§ 1983 complaint.  ECF No. 1.  Plaintiff did not pay a filing fee or request leave to

proceed without prepayment of the filing fee.  Therefore, Plaintiff was ordered to recast

his letter on the Court's standard form for § 1983 complaints and to address the filing fee.

ECF No. 7.  Plaintiff filed his recast complaint (ECF No. 9) and a motion to proceed in

---

[1] In his original complaint, Plaintiff named Elbert County Detention Center and John/ Jane Does as Defendants.  ECF No. 1 at 1 and 4.  The Court ordered Plaintiff to recast his complaint and to provide the name(s) of each Defendant he wished to sue in in his recast complaint.  ECF No. 7 at 1-2.  The Court informed Plaintiff that his recast complaint would take the place of the original complaint.  *Id.*  Plaintiff has now named the Defendants shown above.  ECF No. 9 at 1 and 4.  The Clerk of Court is **DIRECTED** to add these new Defendants and terminate Elbert County Detention Center and John/ Jane Does as Defendants.

forma pauperis without the statutory supporting documents (ECF No. 10).  Plaintiff was thereafter ordered to provide the Court with a certified inmate account statement in support of his motion to proceed in forma pauperis.  ECF No. 14.  Plaintiff has since filed the inmate account statement.  ECF No. 16.  Plaintiff's motion for leave to proceed *in forma pauperis* is **GRANTED**, as discussed below, and his complaint is now ripe for preliminary review.  Upon such a review, Plaintiff may proceed with his Due Process claim against Defendant Sgt. Corbin for further factual development.  However, it is **RECOMMENDED** that Plaintiff's claims as to Armor Correctional Health be **DISMISSED without prejudice**.

**MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).  ECF No. 2.  As it appears Plaintiff is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED**.

Even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee.  28 U.S.C. § 1915(b)(1).  If the prisoner has sufficient assets, he must pay the filing fee in a lump sum.  If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available.  Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee.  28

2

U.S.C. § 1915(b)(4).  In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

I.      Directions to Plaintiff's Custodian

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee.  The clerk of court is **DIRECTED** to send a copy of this Order to the facility in which Plaintiff is currently housed  It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full.  28 U.S.C. § 1915(b)(2).  In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.  It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

II.   <u>Plaintiff's Obligations Upon Release</u>

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA.  Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated.  The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments.  Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

**PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT**

I.   <u>Standard of Review</u>

The Prison Litigation Reform Act ("PLRA") obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a).  Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP.  Both statutes apply in this case, and the standard of review is the same.  When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003).  *Pro se* pleadings, like the one in this case, are "'held to a less

stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" *Hughes*, 350 F.3d at 1160 (citation omitted).  Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. §1915A(b).

A claim is frivolous if it "'lacks an arguable basis either in law or in fact.'"  *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation omitted).  The Court may dismiss claims that are based on "'indisputably meritless legal'" theories and "'claims whose factual contentions are clearly baseless.'"  *Id.* (citation omitted).  A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "'merely create[] a suspicion [of] a legally cognizable right of action.'"  *Twombly*, 550 U.S. at 555 (citation omitted).  In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim.  *Id.* at 556.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting

under color of state law. *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II.    Plaintiff's Allegations

Plaintiff was an inmate at the Clarke County Jail in Athens, Georgia around February 17, 2022. ECF No. 9 at 5. He states that after being bitten on his face by a "poisonous spider", his face started to itch, burn, and swell. *Id*. Plaintiff was seen by a nurse who gave him "some allergy medication". *Id*. Plaintiff claims that after "days went by it became bigger & bigger. And started to leak pus & blood". *Id*. Plaintiff further claims that he "was in pain so bad [he] passed out twice". *Id*. Plaintiff also claims that while in the "Medical Dorm ER Unit in jail" that "Sgt. Corbin said [he's] going to teach [Plaintiff] about playing boy". *Id*. Plaintiff complains that Sgt. Corbin then "slammed [him] on a bed in room cut the air to coldest temperature possible, and didn't give [him] a sheet blanket, nothing to keep warm" for "almost 2-days cold & in pain". *Id*. Plaintiff seeks compensatory and punitive damages. *Id*. at 6.

III.    Plaintiff's Claims

1. Claim against Armor Correctional Health , Inc

The Plaintiff makes no allegations regarding this Defendant in his statement of claim. *See* ECF No. 9 at 5. A district court properly dismisses a complaint when the plaintiff, other than naming the defendant in the caption of the complaint, fails to state

any allegations that connect the defendant with an alleged constitutional violation. *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing *Pamel Corp. v. P.R. Highway Auth*., 621 F.2d 33, 36 (1st Cir. 1980)) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."); *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986); *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1983) (citations omitted) (stating there must be proof of an affirmative causal connection between the actions taken by a particular person 'under color of state law' and the constitutional deprivation").

If Plaintiff is attempting to raise a claim against Defendant Armor Correctional Health, Inc. due to a potential supervisory role as a contracted medical care provider with the county jail, his claim still fails.  A county and its medical contractors cannot be held liable under §1983 on the basis of respondeat superior. *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). A county and its contractors may only be held liable when the execution of a policy or custom causes a constitutional violation. *See Monell v. Dep't of Soc. Servs*., 436 U.S. 658, 694 (1978); *Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir.1997) (holding that when a private corporation contracts with the county to provide medical services to inmates, the entity should be treated as a municipality). Plaintiff's complaint is utterly devoid of any allegations indicating that a custom or policy of Athens-Clarke County or its medical contractors caused Plaintiff's any injury.

Accordingly, it is **RECOMMENDED** that Plaintiff's claims as to Defendant Armor Correctional Health, Inc. be **DISMISSED WITHOUT PREJUDICE**.

2. Due Process claim against Defendant Sgt. Corbin

Plaintiff's allegations as to Defendant Sgt. Corbin appear to be a Due Process claim under the Fourteenth Amendment.  In *Jacoby v. Baldwin County*, 835 F.3d 1338, 1349 (11th Cir. 2016), the Eleventh Circuit Court of Appeals held that "'a [pretrial] detainee may not be punished prior to an adjudication of guilt in accordance with due process of law.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)).  However, the government may "detain him to ensure his presence at trial and may subject him to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution."  *Bell*, 441 U.S. at 536-37.

"Of course this does not mean that … pretrial detainees are free to violate jail rules with impunity. Indeed, *Bell* recognizes the need for 'preserving internal order and discipline' among pretrial detainees and convicted inmates alike." *Jacoby*, 835 F.3d at 1348 (citing *Bell*, 441 U.S. at 546).  "What it does mean, however, is that before … a pretrial detainee is punished for violating a jail rule, there must be a due process hearing to determine what rule he violated." *Jacoby*, 835 F.3d at 1348.  Thus, if a detention facility seeks to take disciplinary action against a pretrial detainee for violation of a rule or policy then the detainee must receive: (1) advance written notice of the charges; (2) a written statement of the reasons for the disciplinary action taken; and (3) the opportunity

8

to call witnesses and present evidence "when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals."  *Id.* at 1351 (quoting *Wolff v. McDonnell*, 418 U.S. 539 (1974)).

Here, Plaintiff, a pretrial detainee, claims that the Sgt. Corbin stated he was going to teach the Plaintiff a lesson and then proceeded to confine Plaintiff to a room at "coldest temperature possible" for two days without a sheet or blanket to keep warm.  ECF No. 9 at 5.  Plaintiff does not indicate that there was ever any type of disciplinary report or hearing.  *Id.*   After liberally construing Plaintiff's complaint and reading all allegations in his favor, Plaintiff's Due Process claim against the Defendant Sgt. Corbin can proceed for further factual development.

IV.   Conclusion

For the foregoing reasons, Plaintiff's Due Process claim against Defendant Sgt. Corbin shall proceed for further factual development.   It is **RECOMMENDED**, however, that Plaintiff's claims as to Defendant Armor Correctional Health, Inc. be **DISMISSED without prejudice.**

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable C. Ashley Royal, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation.  The parties may seek an extension of time to file written objections, provided a request for an extension is filed prior to the deadline for filing written

objections.  Any objection should be no longer than **TWENTY (20) PAGES** in length.
*See* M.D. Ga. L.R. 7.4.  Failure to object in accordance with the provisions of § 636(b)(1)
waives the right to challenge on appeal the district judge's order based on factual and
legal conclusions to which no objection was timely made.  *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

Having found that Plaintiff has made a colorable constitutional violation claim
against Defendant Sgt. Corbin, it is accordingly **ORDERED** that service be made on this
Defendant and that they file an Answer, or such other response as may be appropriate
under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.  Defendants are
reminded of the duty to avoid unnecessary service expenses, and of the possible
imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all
opposing attorneys and/or parties advised of their current address.  Failure to promptly
advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the
possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil
Procedure for failure to prosecute.  Defendant is similarly advised that she is expected to
diligently defend all allegations made against her and to file timely dispositive motions as
hereinafter directed.  This matter will be set down for trial when the Court determines

that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.  A party need not serve the opposing party by mail if the opposing party is represented by counsel.  In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court.  If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure.  The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made

with his custodian.  **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court.  This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.  The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:  except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed

12

FIFTEEN (15) requests to each party.  No party shall be required to respond to any such requests which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities.  Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED AND RECOMMENDED**, this 14th day of November, 2022.


s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge